IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-205-CMH |
| ) | |
| LEONARD ROSEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF CHAPTER 7 TRUSTEE
FOR FAIRFAX OB-GYN ASSOCIATES, INC'S
MOTION FOR RESTITUTION OR OTHER RELIEF**

In support of the Motion by Non-Party, Janet M. Meiburger, Chapter 7 Trustee for the estate of the Debtor, Fairfax OB-GYN Associates, Inc., currently pending in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, as Case No. 21-11205-BFK, for Restitution or Other Relief, Trustee respectively submits herewith a Memorandum in Support thereof.

**BACKGROUND**

1.	On September 24, 2021, Defendant Leonard Rosen pleaded guilty to one count of health care fraud in violation of 18 U.S.C. §1347, which plea was accepted by the Court.

2.	In connection with such plea, the Defendant filed with the Court a Plea Agreement (DKT # 6) and Statement of Facts (DKT # 7).

3.	Paragraphs 16 – 19 of the Statement of Facts describe Dr. Rosen's scheme, whereby he diverted billings for services he performed at Fairfax OB-GYN Associates, Inc. to his own personal PC in order to bill for such services as out-of-network and to receive payments from insurers though his personal PC at the higher out-of-network rate.

1

4. Billing for such services at the in-network rate was the property of Fairfax OB-GYN Associates, Inc. The Trustee has identified no evidence of Dr. Rosen's or his personal P.C.'s payment of such in-network rates for such services to Fairfax OB-GYN Associates, Inc..

5. On July 2, 2021, Fairfax OB-GYN Associates, Inc., as Debtor, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 21-11205-BFK in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division. Janet M. Meiburger was appointed Chapter 7 Trustee in that case and is by applicable law, *inter alia*, charged with the responsibility of marshalling the assets of the Debtor for liquidation under the Bankruptcy Code.

## ARGUMENT

**A. Restitution to Fairfax OB-GYN Associates, Inc is Mandated by 18 U.S.C. § 3663A.**

Paragraph 8 of the Plea Agreement provides, in pertinent part, that the Defendant agrees:

1) that restitution is mandatory under 18 USC § 3663A;

2) to the entry of a Restitution Order for the full amount of the victim's losses; and

3) that victims of the conduct described in the charging instrument, <u>statement of facts</u> **or** <u>any related or similar conduct shall be entitled to restitution</u> (emphasis added).

18 USC § 3663A(a)(2) defines a "victim" for purposes of this section to be: in the case of an offense that involves an element a scheme or pattern of criminal conduct, <u>any person directly harmed by the defendant's criminal conduct in the course of the scheme</u>. (emphasis added)

Although the offense charged and to which the Defendant pleaded guilty involved only that category of healthcare fraud involving the prescription of unnecessary medications, the Statement of Facts, which the Defendant signed as part of his Plea Agreement admits to another

2

category of conduct constituting health care fraud, i.e. services improperly billed as an out-of-network provider.

Inasmuch as Fairfax OB-GYN Associates, Inc. was the provider of the services, actually billed and collected by Dr. Rosen through is personal P.C., Fairfax OB-GYN Associates, Inc. was a necessary and integral part of his scheme to commit healthcare fraud and accordingly a victim as described in 18 USC § 3663A(a)(2).

However, regardless of whether Fairfax OB-GYN Associates, Inc. was a victim of the offense charged and to which Dr. Rosen pleaded guilty, a Restitution Order is also mandated by 18 USC § 3663A(a)(3), which requires a Restitution Order, if agreed to by the parties in the plea agreement, <u>to persons other than the victim of the offense</u>. (emphasis added)

Since the Defendant, in his Plea Agreement, agreed that victims of the conduct described, *inter alia*, in the Statement of Facts or any related or similar conduct shall be entitled to restitution, Fairfax OB-GYN Associates, Inc. is entitled to restitution for the amount of money diverted by Dr. Rosen from Fairfax OB-GYN Associates, Inc. to his personal P.C.

As described in paragraphs 16-18 of the Statement of Facts, that amount is the difference between what the insurers paid to Dr. Rosen's personal P.C., $205,095, less the out-of-network excess charges of $52,839, or $152,256. This amount, which is the amount of valid in-network charges to which Fairfax OB-GYN Associates, Inc., as the actual provider, was entitled, but for which payment was fraudulently made to Dr. Rosen's personal P.C. as a result of his unlawful scheme, properly belonged to Fairfax OB-GYN Associates, Inc.. It is this amount for which it seeks and is rightly entitled to restitution under 18 USC § 3663A.

### B. Trustee Should be Provided Evidence Developed in the Prosecution.

In the event the Court determines that restitution to Fairfax OB-GYN Associates, Inc. is not mandated by 18 USC § 3663A, the Trustee seeks an Order of the Court for the following documents to be provided to the Trustee:

1. All agreements between Fairfax OB-GYN and Insurers (third party payers);

2. All agreements between Dr. Rosen's personal PC and Insurers (third party payers);

3. All records of insurance claims made through Dr. Rosen's personal PC from 2012 through 2019 or the last date you have such records (the "relevant period");

4. All records of treatment at Fairfax OB-GYN Associates, Inc. for services which were the subject of claims made by Dr. Rosen's personal P.C. during the relevant period;

5. All records of claim payments made to Dr. Rosen's personal PC during the relevant period;

6. All records of the bank account for Dr. Rosen's personal PC during the relevant period; and

7. All records of Dr. Rosen's personal bank accounts during the relevant period.

Inasmuch as the prosecution will have concluded upon the sentencing of Dr. Rosen, whose plea has already been accepted, there would appear to be no interference in the administration of the criminal justice system to the provide such documentation developed in the prosecution to the Trustee whose statutory obligation under federal law is to marshal the assets of the Debtor, Fairfax OB-GYN Associates, Inc., from whom Dr. Rosen's scheme has deprived it.

### **CONCLUSION**

For the foregoing reason, Trustee respectfully requests the Court to grant its motion for restitution of the estate of the Debtor, Fairfax OB-GYN Associates, Inc., in the amount of

$152,256 or alternatively, grant its motion for other relief in the form of an Order to provide the above listed documents to the Trustee.

Dated: March 7, 2022                    Respectfully submitted,

                                                        By: /s/ Matthew A. Clary III
Matthew A. Clary, III (VSB 12041)
Law Offices of Matthew A. Clary, III, PLC
*Counsel for Janet M. Meiburger, Chapter 7 Trustee*
*For estate of Debtor Fairfax OB-GYN Assoc., Inc.*
10114 Farrcroft Drive
Fairfax, Virginia 22030
Tel: (703) 944-5886
Email: mclaryiii@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th[th] day of March, 2022, I electronically forwarded the foregoing by email correspondence to counsel of record registered with CM/ECF and that on the 7th day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to counsel of record that are registered with CM/ECF.

By: /s/ Matthew A. Clary III
Matthew A. Clary, III (VSB 12041)
Law Offices of Matthew A. Clary, III, PLC
*Counsel for Janet M. Meiburger, Chapter 7 Trustee*
*For estate of Debtor Fairfax OB-GYN Assoc., Inc.*
10114 Farrcroft Drive
Fairfax, Virginia 22030
Tel: (703) 944-5886
Email: mclaryiii@cox.net